IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:18-cr-00225-10

STEPHANIE ELDRED,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed the Defendant's pro-se letter form *Motion* (Document 983), inquiring as to the availability of early release due to the COVID-19 pandemic, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582. She indicates that she is a nonviolent offender, has completed more than half of her sentence, and remains housed at South Central Regional Jail without access to rehabilitative services. She requests that she be released to long-term rehab with home confinement for the remainder of her sentence to permit her to access drug treatment, counseling, employment, and a healthy residence. The United States did not file a response.

      Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such

circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

Before a court grants compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), it must determine both that "there are extraordinary and compelling reasons to reduce the defendant's sentence" and "consider the sentencing factors of 18 U.S.C. § 3553(a) to determine whether modifying or imposing a new sentence is appropriate." *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation). The analysis requires fact-specific inquiry into the defendant's circumstances and offense.

The Defendant was sentenced to 60 months of imprisonment on June 23, 2020 as a result of her conviction for conspiracy to distribute 50 grams or more of a substance containing methamphetamine. The Bureau of Prisons Inmate Finder provides an anticipated release date of January 13, 2023.

Although the Court commends the Defendant's commitment to rehabilitation and recovery from her drug addiction, which she has consistently expressed throughout her case, she has not set forth the extraordinary and compelling circumstances necessary for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). She also does not indicate that she has exhausted her administrative

remedies by making a request for compassionate release with the warden. Therefore, the Court **ORDERS** that her letter-form *Motion* (Document 983) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: November 9, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA